# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HOOVER v. BAUGH AND OTHERS.

### November 19, 1908.

1. SPECIFIC PERFORMANCE—*Suit by Sub-Vendee of Part of Tract—Lien for Entire Price.*—A sub-vendee of a portion of a tract of land which the vendor has agreed to sell cannot compel the vendor to make a conveyance of such portion to him, except upon payment of the whole amount due for the entire tract, as the whole tract stands as a security to the vendor for the entire purchase price, and the vendor will not be compelled to release any part of his security until the entire purchase price has been paid.

2. SPECIFIC PERFORMANCE—*Rescission of Contract Without Notice to Sub-Vendee—Suit by Sub-Vendee.*—Where a contract for the sale of land has been rescinded by agreement of the parties thereto, without notice to or the assent of, a sub-vendee of a part of the land, the latter cannot have specific performance of the sub-sale against the vendor who was not a party to the sub-sale and never assented thereto.

3. SPECIFIC PERFORMANCE—*Part Performance—Case in Judgment.*—A court of equity will compel the specific performance of a parol contract for the sale of real estate where the contract is certain and definite, and there have been such acts of part performance as that neither party can be restored to his former position. In the case in judgment the contract is parol, and there have been no such acts of part performance as would entitle the complainant to specific performance, and it is, therefore, denied.

4. STATUTE OF FRAUDS—*Sale of Land—Parol Contract—Part Performance—Damages.*—A parol contract by which a vendee of land agrees to sell a portion of it to a sub-vendee, though assented to by the vendor, is within the statute of frauds and is unenforceable where there have been no acts of part performance except such as may be readily compensated in damages.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*C. R. Winfield* and *D. O. Dechert,* for the appellant.

*Sipe & Harris,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

Appellant, S. E. Hoover, filed his bill in this cause against appellees, W. S. Baugh and Carson Fitzwater, averring that he was a sub-vendee of Fitzwater, who had purchased a tract of 22 acres of land from Baugh at the price of $2,950, and that he, appellant, had purchased nine acres of said land from Fitzwater, the purchase price thereof to be paid to Baugh. The bill then alleges that Baugh's contract with Fitzwater was in writing, dated the —— day of August, 1907, whereby it was agreed that in consideration of $50.00 in hand paid, and $2,950 to be paid by Fitzwater to Baugh on the 15th day of December, 1907, Baugh would upon the completion of said payments convey the 22 acres of land to Fitzwater, etc.; that on the next day after the contract in writing between Baugh and Fitzwater, appellant had a verbal agreement with Fitzwater, by which appellant was to take, at the sum of $850, payable $20 in cash to Fitzwater and $830 to Baugh on the delivery of a deed on the 15th day of December, 1907, all of the Baugh land on the east side of a certain lane or roadway, about 9 acres; that Baugh verbally assented to this arrangement, but subsequently, about the 1st of December, 1907, cancelled the written agreement with Fitzwater, without the knowledge or consent of appellant.

While Fitzwater answered this bill, and practically admitted as true its averments, Baugh demurred thereto, and for the purpose of pleading specially the statutes of fraud filed his answer, in which he denied all the allegations of the bill, and avers that the purchase price of the 22 acres of land to be paid by Fitzwater was $3,000; and, while admitting that he had been informed that Fitzwater and appellant had some verbal under-

standing as to a sub-sale of a portion of the land to appellant, he never consented to such sale. It is further admitted as true that appellant had requested him, Baugh, to make a deed for the parcel of land which the latter claimed to have contracted verbally with Fitzwater to purchase, but that he declined to do so, as the sale was of the entire tract of 22 acres, and denies that either Fitzwater or appellant had ever been on the premises, or done a "lick" of work thereon.

The cause being heard upon the bill, demurrer and answer, the circuit court dismissed the bill, with costs to Baugh, and this ruling is assigned as error.

This court is of opinion that there is no error in the ruling of the circuit court. It will be observed that the bill is not to enforce the contract signed by Baugh, agreeing to sell to Fitzwater the 22 acres of land at the price of $2,950, or $3,000, as the case really was, but to compel Baugh to convey to appellant 9 acres of the land upon the receipt of $830, less than $100 per acre, which appellant alleges was the verbal contract between him and Fitzwater, assented to by Baugh.

Counsel for appellees concede that a sub-vendee of a portion of the land which the vendor had agreed to sell, cannot compel the vendor to make a conveyance to the sub-vendee, except upon payment of the whole amount due from the original vendee of the entire tract, as *all* of the land would stand as security for the *entire amount* due the original vendor, who could not be compelled to release any part of his security until the entire purchase money was paid; but the effort is made to distinguish such a case from the case at bar, upon the hypothesis that the original vendor, Baugh, is a party to the contract of sub-sale, assented thereto and agreed to receive the proceeds thereof.

This argument leaves wholly out of view the fact that this case is heard on the bill, demurrer, and answer; the answer of Baugh denying any such agreement as is alleged in the bill, and of which no proof is offered. The alleged agreement with appellee, Baugh, with respect to the sub-sale to appellant, is not

only flatly denied but is unreasonable upon its face. What conceivable reason was there in the alleged agreement of Baugh to receive of appellant $100 per acre for land he had bargained to sell to Fitzwater at about $150 per acre? Moreover, if that agreement was ever entered into, there has been no such part performance thereof on the part of appellant as to make it inequitable or unjust to refuse its specific enforcement. It is very true that a court of equity will compel the specific performance of a parol contract for the sale of real estate, where the contract is certain and definite and there have been such acts of part performance that neither party can be restored to his former position, but that is by no means the case here. Appellant only claims a verbal agreement with Fitzwater, assented to by Baugh, that in consideration of $830 to be paid to Baugh, Fitzwater would, when he obtained a conveyance for the whole of the tract of 22 acres, convey a certain part thereof—a field of about 9 acres—to appellant; and even if Baugh did assent to this agreement, the only acts of part performance thereof alleged are, that appellant got the briars and weeds off the field, so as to pasture the same, and after taking possession of the field made costly improvements to his house on his adjoining lot, which he would not have made and would not have been justified in making, except on the expectation of acquiring title to said field.

Such acts of part performance are not of such a character as to be incapable of compensation in damages if specific performance of the alleged agreement be denied. *Hudson* v. *Max Meadows L., &c. Co.,* 97 Va. 341, 33 S. E. 586; *Venable* v. *Stamper,* 102 Va. 30, 45 S. E. 738; *Clinchfield, &c. Co.* v. *Powers,* 107 Va. 393, 59 S. E. 370, 1 Va. App. 540.

The authorities cited in support of the proposition, that specific performance will be decreed against the party who signed the contract, although the other party did not sign, and although there was no mutuality of remedies between the parties at the time the contract was made, have no application whatever to this case.

Aside from the foregoing considerations,.the alleged contract here sought to be enforced, was, as held by the circuit court, a parol contract, so alleged in the bill, and as such is not enforceable. The statute on the subject (commonly spoken of as the statute of frauds) is explicit, and provides, *inter alia,* that no action shall be brought upon any contract for the sale of real estate, unless the contract or some memorandum or note thereof, be in writing and signed by the party to be charged thereby, or his agent. Code, sec. 2840.

The ingenious argument of counsel,.that the contract which appellant is seeking to enforce is not a contract for the sale of real estate, but a contract by which appellee, Baugh, agreed that upon the receipt of the $830 he would release his vendor's lien on the 9 acres of land which appellant claims to have purchased of Fitzwater, has nothing in the record to rest upon. If we were disposed to concede that such a contract would not be controlled by the statute, that is not the contract appellant's bill asks to be enforced. The contract asked to be enforced is a verbal contract, said to have been made by appellee, Baugh, with appellant at the time of the surrender and cancellation of the original contract to Fitzwater, by which Baugh bound himself to convey, either directly or through Fitzwater, to appellant a part of the 22 acres of land which Baugh had originally agreed to sell to Fitzwater. If the bill could be construed as a bill to enforce the original contract, it would be clearly demurrable, since it does not allege an offer to perform that contract, nor ask its enforcement.

In any view that may be taken of the case, the decree complained of is without error and should be affirmed.

*Affirmed.*